Davis, J.
The decision of this proceeding involves the interpretation of the amendment by the Laws of 1919, to section 2193 of the Penal Law, by which it was provided that “Any time spent by a person convicted of a crime in a prison or jail prior to his conviction and before sentence has been pronounced upon him, shall become and be calculated as a part of the term of *461 the sentence imposed upon him, whether such sentence is an indeterminate one or for a definite period of time; and such time shall, in addition to the time allowed for good conduct and earned as compensation, be deducted from the term of the sentence so imposed, under the provisions of article nine of the prison law;” and requiring the judge to indorse upon the commitment papers the length of time so spent.
The facts are agreed upon. The relator was arrested in Binghamton charged with the crime of petit larceny. He was detained in what is known as the city jail for a period of twenty-one days, and then pleaded guilty, whereupon he was sentenced by the acting city judge to be imprisoned in the Broome county jail for a term of sixty days, and was delivered to the custody of the sheriff by a commitment dated March 20, 1920. The relator has earned and has been allowed by the sheriff a commutation of ten days pursuant to the provisions of section 250 of the Prison Law, and now claims that he should be credited, in the diminution of his term, with the twenty-one days he spent in the city jail, which time was certified to by the magistrate by indorsement on the back of his commitment.
The sole question, therefore, is to determine whether or not the provisions of section 2193 of the Penal Law are applicable to a case where a person convicted of a crime in an inferior court has been under detention before being committed to the county jail.
The learned counsel for the relator argues that the statute must be literally construed and that the provision in section 2193 that “Any time spent by a person convicted of a crime in a prison or jail prior to his conviction and before sentence has been pronounced upon him,” must be intended to include a person in the situation of the relator. From a hasty ex *462 amination such would appear to be the intent and purpose of the statute. But the great and fundamental rule in construing statutes is to ascertain and give effect to the intention of the legislature; and in ascertaining such intention, it is the rule that the spirit or reason of the law will prevail over its letter. In ascertaining the true meaning and application of a statute, resort may be had, not only to the language and arrangement of the statute, but also to the inten-" tion of the legislature, the object to be secured, and its relation to other laws. 36 Cyc. 1102, 1108.
The object to be attained by the amendment was obviously to benefit persons charged with some serious crime, who were committed to jail because they could not furnish bail, and to give them credit for the time there spent while awaiting indictment or trial and there enduring the delays, sometimes long protracted, before being arraigned, allowed to plead or be tried.
It is hard to believe that the legislature contemplated granting any relief to those convicted of petty criminal offenses, for the brief time usually spent in some lock-up or temporary place of detention. Police Courts and Courts of Special Sessions are held daily, and a person arrested with or without a warrant for an offense triable in those courts is usually arraigned within a very short time thereafter, and is given opportunity to plead guilty and receive an immediate sentence, or to plead not guilty and obtain a speedy trial. Instances like the present one, where the period of detention was twenty-one days, are very rare, and as it appears that the relator eventually pleaded guilty, the delay very likely was caused by his own act. No reason is furnished why the relator could not have had a speedy determination of his case had he sought it.
Considering the statute in its relation to other laws, *463 it may be observed that section 2193 of the Penal Law prior to the amendment of 1919 was entitled “ Calculating term of imprisonment,” and it dealt entirely with convicts sentenced to imprisonment in a state prison or penitentiary. The section has been entirely changed, but the title or heading remains the same, and the context is such that it is apparent that the legislature still intended to deal with prisoners sentenced to imprisonment in a state prison or penitentiary.
The reference in the section to the allowance of time on an indeterminate sentence and providing the time should be deducted under the provisions of article 9 of the Prison Law, indicates that it was not the legislative intent to give the person the benefit of time spent while awaiting trial in inferior courts of limited jurisdiction. Ho indeterminate sentences may be imposed in such courts, and article 9 of the Prison Law deals with commutations which have never been applicable to sentences of imprisonment in the county jail, but apply only to imprisonment in a state prison or penitentiary.
There is another rule of construction to be applied to statutes in determining the legislative intent, and that is that words should be given their common, ordinary and legal meaning. In the statute under consideration, the deduction from the sentence is made for the time spent in a “ prison or jail.” The term “ prison ” has a definite meaning and it is not claimed that the relator has spent any time in “ prison,” as we ordinarily understand that term. Has he spent any time in “ jail,” taking the common acceptance or legal significance of that word!
A “ jail ” is ordinarily understood to mean a building designated by law or used by the sheriff for the confinement or detention of those persons who are *464 judicially ordered to be kept in custody. Bouvier L. Dict. 1333.
A jail is distinguishable, both in law and in common understanding, from a temporary place of detention, like a police station or lock-up. By section 350 of the Town Law, a town may erect one or more houses of detention or lock-ups for the detention of persons committed by the magistrate thereto. In cities offenders are usually detained for a short time before given a hearing, or during adjournments, in a police station or lock-up, which are sometimes known as “ city jails.” But the Prison Law in its provisions for the management and care of jails and the prisoners therein, refers only to county jails (Prison Law, §§ 347-360), and it is that institution we have invariably in mind when we speak of “ the jail.”
It seems to me that it cannot be seriously contended that a person detained over night or for a brief period in a town lock-up, police station or other place of temporary detention, can claim the benefit of the statute, or that the legislature ever intended that the statute should be so construed. Take the case of an intoxicated person who is placed under arrest, but because of his intoxicated condition cannot be brought immediately before the court for arraignment, plea or trial; he is therefore placed in a lock-up over night and in the morning is arraigned, pleads guilty and is, we will assume, sentenced to three days in the county jail, the minimum time allowed for such an offense. Would this man be entitled to have the local magistrate certify that he had been imprisoned for two days in a jail, and to demand of the sheriff his discharge on the morning of the day following his arraignment? When a justice of the peace commits to the county jail persons charged with minor offenses, must he each time indorse on the commitment the *465 number of days that person had spent in some local lock-up or place of detention, which in rural districts is often the town constable’s home? To reach such a conclusion would be to malee the legislative intent absurd.
I must, therefore, conclude that it was not the intent of the legislature to change the rules for calculating terms of imprisonment, except those terms dealt with in the original law, to wit, where the -imprisonment was in a state prison or penitentiary.
The prayer of the petition must be denied, the writ be dismissed, and the relator remanded to the Broome county jail to serve out the sentence imposed upon him.
Ordered accordingly.